## William Bench v. Amos Otis, Drain Commissioner of Wayne County.

*County drains: Commissioners: Appointment: Intent.* Where, in proceedings under the county drain law, the probate court, on the application of the drain commissioner has appointed three commissioners to examine the lands, etc., one of whom was named, in the order making the appointment, William Radford, and it appears that he did not act, but that one Robert Radford, who had not been appointed, acted in his stead, the proceedings are void.

It is no answer to this defect that the probate court intended to have appointed Robert Radford, and by mistake called him William. This court cannot go behind the act of the probate court to discover an intent differing from the one expressed. A purpose to make a certain appointment, which has never been carried out, cannot sustain official action by the person intended.

*Heard April 17. Decided April 23.*

*Certiorari* to the drain commissioner of Wayne county.

*Wilkinson & Post* and *Henry M. Cheever,* for the plaintiff in *certiorari,* were stopped by the court.

*D. C. Holbrook,* for respondent.

COOLEY, J.

This is a proceeding to review certain action taken by the drain commissioner of Wayne county, in laying out a ditch in Greenfield. Several objections are taken to his action, but only one is necessary to be considered. It appears that, on his application, three commissioners were appointed by the probate court to examine the lands, determine the necessity of the drain and assess the damages which might be sustained thereby. One of the commissioners named was William Radford, senior; but this is said to have been a mistake; Robert Radford, senior, having been the person intended, and Robert Radford having in fact acted. It is scarcely necessary to say that we cannot go behind the act of the court to discover an intent differing from the one expressed. A purpose to

make a certain appointment which, for any reason, has never been carried into effect, cannot sustain official action by the person intended.

The proceedings must be quashed.

CHRISTIANCY, CH. J., and CAMPBELL, J., concurred.

GRAVES, J., did not sit in this case.